UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAUN ROSIERE,<br><br>          Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No. 2:17-cv-00144-JAD-PAL<br><br>**ORDER**<br>**- AND -**<br>**REPORT OF FINDINGS AND**<br>**RECOMMENDATION**<br><br>(IFP App. – ECF No. 1; Mots. ECF Nos. 6–8) |

This matter is before the court on Plaintiff Shaun Rosiere's Application to Proceed *In Forma Pauperis* (ECF No. 4) pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. Also before the court are Rosiere's Motion to Issue Summons (ECF No. 6), Motion for Status of Case (ECF No. 7), and Second Motion for Status of Case (ECF No. 8). The application and motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

**I. IN FORMA PAUPERIS APPLICATION**

Mr. Rosiere is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or

1

in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases). A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

As explained in this order, the court finds that the District of Nevada lacks subject matter jurisdiction over Mr. Rosiere's Complaint (ECF No. 1-1), which is also frivolous and duplicative. The court will therefore recommend that the IFP Application be denied.

## II. SCREENING THE COMPLAINT

Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the complaint states a valid claim for relief, the court will then direct the Clerk of the Court to issue summons to the defendant and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). If the court determines that the complaint fails to state an actionable claim, the complaint is dismissed and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato*, 70 F.3d at 1106. Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound

"to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint lacks an arguable basis in law if controlling legal authority requires a finding that the facts alleged fail to establish a legal claim. *Guti v. U.S. Immigration & Naturalization Serv.*, 908 F.2d 495, 496 (9th Cir. 1990). The Ninth Circuit has repeatedly held that a district court may dismiss as frivolous a complaint "that merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Phillips v. Salt River Police Dept.*, 586 F. App'x 381 (9th Cir. 2014).; *Martinez v. Bureau of Immigration & Customs Enforcement*, 316 F. App'x 640 (9th Cir. 2009).

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

**A. Rosiere's Factual Allegations and Claims for Relief**

Mr. Rosiere states that the sole purpose of his Complaint (ECF No. 1-1) is to obtain a contract interpretation and transcript interpretation regarding a plea agreement executed in the District of New Jersey to resolve his federal criminal charges. *See United States v. Shaun Rosiere*, Case Nos. 1:08-cr-00629, 1:09-cr-00720 (D.N.J.). Attached to the Complaint is a letter dated September 17, 2009, which sets forth the plea agreement between Rosiere and the United States Attorney for the District of New Jersey. Compl. (ECF No. 1-1), Exhibit A at 4–10. He alleges there are nine "contract issues" with the plea agreement which require this court's interpretation. Also attached is a partial transcript of the criminal proceedings on September 17, 2009, in which

he entered a guilty plea. *Id.*, Exhibit B at 11–15. He alleges three additional "transcript issues" which require this court's interpretation. The Complaint states that Mr. Rosiere is not asking the court to overturn his federal conviction; thus, this is not a habeas corpus action pursuant to 28 U.S.C. § 2255. He further asserts that the District of Nevada is the appropriate federal court to resolve the disagreement because the terms of his federal probation do not permit him to leave Nevada until November 18, 2018.

For the reasons discussed below, the court finds that the District of Nevada lacks subject matter jurisdiction over Mr. Rosiere's Complaint, which is also frivolous and duplicative. The court will therefore recommend dismissal of this action.

**B. Analysis**

Mr. Rosiere has filed several lawsuits in numerous federal courts relating to his New Jersey criminal cases. Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *See, e.g.*, *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1094 (9th Cir. 2004) (taking judicial notice of district court proceedings to determine whether prior alleged § 1983 claims were dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)). The court takes judicial notice of the proceedings in Rosiere's criminal cases in the District of New Jersey as well as the federal civil actions he has filed across the country. Most of his recent lawsuits filed in 2015 and 2016 have involved requests under the Freedom of Information Act ("FOIA") related to his conviction.[1] Nearly all have been dismissed as duplicative, frivolous, or malicious.

Prior to filing the FOIA actions, Mr. Rosiere sought to overturn his conviction. In July 2011, Rosiere sought post-conviction relief from the sentencing court by filing a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See Rosiere v. United States*, 1:11-cv-

---

[1] *See Rosiere v. United States*, 2:15-cv-02187 (D. Nev.) (dismissed as "frivolous and malicious"); *Rosiere v. United States*, 3:16-cv-00341-BRM-TJB (D.N.J.) (filed Jan. 19, 2016) (pending); *Rosiere v. United States*, 1:16-cv-00143-LTB (D. Colo.) (dismissed as duplicative); *Rosiere v. United States*, 1:16-cv-01251-LTB (D. Colo.) (dismissed as duplicative); *Rosiere v. United States*, 1:16-cv-00260 (D. Haw.) (dismissed for improper venue); *Rosiere v. United States*, 3:16-cv-00905-HZ (D. Or.) (same); *Rosiere v. United States*, 2:16-cv-03571-DSF-GJS (C.D. Cal.) (dismissed for improper venue and duplicative claims); *Rosiere v. United States*, 3:16-cv-02765-LB (N.D. Cal.) (transferred to District of Nevada for improper venue); *Rosiere v. United States*, 2:16-cv-02286-GMN-PAL (D. Nev.) (dismissed as frivolous and malicious).

04404 (D.N.J.). The court in the District of New Jersey denied his petition for § 2255 relief. *Id.*, Sept. 25, 2012 Opinion (ECF No. 20). Mr. Rosiere appealed that decision to the Court of Appeals for the Third Circuit. The Third Circuit determined that Rosiere knowingly and voluntarily waived his right to collaterally attack his conviction and sentence, and affirmed the district court's denial of the § 2255 petition. *Id.*, Mar. 7, 2013 Order (ECF No. 27).

In July 2014, Mr. Rosiere filed two civil actions related to his criminal conviction in the District of New Jersey. *See Rosiere v. United States*, 1:14-cv-4373 & 1:14-cv-4647 (D.N.J.). Rosiere based these two civil suits on Rule 60(d) of the Federal Rules of Civil Procedure. However, the clerk of the court initially designated his lawsuits as prison civil rights actions pursuant to 28 U.S.C. § 1983. Case No. 1:14-cv-4647, Nov. 24, 2014 Mem. Opinion (ECF No. 14) at 8 n.6. The court determined that the complaints in both lawsuits actually sought to vacate, set aside, or correct Rosiere's federal sentence and, therefore, construed the actions as arising under 28 U.S.C. § 2255. *Id.*

One of Mr. Rosiere's 2014 lawsuits specifically challenged the validity of the plea agreement he executed on September 17, 2009, and asserted that the plea agreement must be deemed unenforceable. *Id.*, Compl. (ECF No. 1) at 12–13. The complaint challenged "the circumstances surrounding Plaintiff's execution of the September 17, 2009 plea agreement, as such circumstances existed at the time of execution." *Id.*, at 8. The court compared Rosiere's July 2011 § 2255 petition with his new complaints and determined that the opinion dismissing Rosiere's petition principally addressed his contentions regarding the plea agreement and related arguments. *Id.*, Mem. Opinion (ECF No. 14) at 8. The court found the new complaints constituted successive § 2255 petitions. *Id.* at 8–9. Mr. Rosiere, however, neither sought nor obtained an order from the Third Circuit authorizing consideration of successive petitions. *Id.* at 9. The court also found that 28 U.S.C. § 2241 did not provide him any alternative mechanism for relief. *Id.* at 10. Rosiere's complaints "set forth factual challenges to his federal sentence that he raised—or could have raised—in connection with his first § 2255 petition," and his prior lack of success on those arguments the court concluded Rosiere could not make the same claims in a § 2241 petition. *Id.* at 12. The New Jersey court therefore dismissed the complaints for lack of subject matter

jurisdiction and instructed Rosiere to seek authorization from the Third Circuit should he desire to reinstate his § 2255 claims.

In this case, Mr. Rosiere's Complaint (ECF No. 1-1) suffers from the same jurisdictional defects as the 2014 lawsuits. He labels this action as one for contract and transcript interpretation and states that he is "not asking the court to overturn any federal conviction." The contract he wants this court to interpret is his 2009 plea agreement. Below each of his contract interpretation issues is a description of what Rosiere says the terms means. Merely labeling a § 2255 petition as something else does not overcome the bar against successive petitions. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). Thus, Mr. Rosiere's Complaint is properly construed as a successive § 2255 petition. *See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (explaining that a claim is considered "successive" if the "basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments" (internal quotations omitted)).

The habeas statutes and controlling Supreme Court case law demonstrate that the District of Nevada and the Ninth Circuit Court of Appeals are not the correct venues for Rosiere's challenge. Only the sentencing court has jurisdiction to consider a § 2255 petition. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). A petitioner must obtain an order from "the *appropriate* court of appeals" authorizing a successive petition before filing it in the district court. *See* 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). A district court lacks subject matter jurisdiction over any successive application not authorized by the appropriate court of appeals. *Id*.

Mr. Rosiere was convicted in the District of New Jersey. Thus, only that District of New Jersey would have subject matter jurisdiction over a § 2255 challenge regarding his criminal case if Rosiere received permission to file a successive petition. The Third Circuit is the appropriate court of appeals for Mr. Rosiere to seek authorization to file any successive § 2255 petition. Mr. Rosiere asserts that the District of Nevada is the appropriate federal court to address his Complaint because under the terms of his federal probation he "may not leave the confines of Nevada" and

therefore "this is the appropriate federal court to resolve the disagreement."[2]  This district does not have subject matter jurisdiction merely because Rosiere is on probation in Nevada. Moreover, this lawsuit repeats the same contentions regarding the 2009 plea agreement that were dismissed in the 2014 New Jersey lawsuits. Mr. Rosiere's Complaint is clearly frivolous and malicious, warranting dismissal under § 1915(e).

Rosiere would ordinarily be given leave to amend a deficient complaint after initial screening; however, it is clear from the face of his Complaint that the jurisdictional deficiency cannot be cured by amendment. Accordingly, the court will recommend that the Complaint (ECF No. 1-1) be dismissed and the Clerk of the Court be instructed to close the case.

Because the court has now screened the Complaint and recommends dismissal, Rosiere's pending motions are denied as moot.

Based on the foregoing,

**IT IS ORDERED**:

1. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-1) but ***SHALL NOT*** issue summons.

2. Plaintiff's Motion to Issue Summons (ECF No. 6), Motion for Status of Case (ECF No. 7), and Second Motion for Status of Case (ECF No. 8) are **DENIED as moot**.

**IT IS RECOMMENDED** that:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

2. Plaintiff's Complaint be **DISMISSED.**

3. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 29th day of June, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[2] A review of the docket in Rosiere's criminal cases indicates he recently filed a notice of appeal on May 2, 2017. *See United States v. Shaun Rosiere*, 1:08-cr-00629 (D.N.J.), Notice of Appeal (ECF No. 409). If, as he alleges, he is physically restricted to Nevada this does not prevent him from seeking relief in the appropriate forum.

7

**<u>NOTICE</u>**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.