# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Shaun Rosiere, <br>     Plaintiff <br> v. <br> United States of America, <br>     Defendant | 2:17-cv-0144-JAD-PAL <br><br> **Order Adopting Report of Findings and Recommendation and Dismissing Case** <br><br> [ECF Nos. 4, 11, 15] |

    Pro se plaintiff Shaun Rosiere brings this action to obtain a contract interpretation and transcript interpretation regarding a plea agreement executed in the District of New Jersey to resolve his federal criminal charges.[1] He claims that he is not asking the court to overturn his federal conviction, so he is not seeking habeas relief under 28 U.S.C. § 2255. And he contends that this court has jurisdiction to hear his case because the terms of his federal probation do not permit him to leave Nevada until November 2018.[2]

    Magistrate Judge Peggy Leen screened his complaint and determined that it is really an unauthorized successive habeas petition, which—even if it were filed with permission—this court lacks jurisdiction to entertain because only Rosiere's sentencing court has that power.[3] Judge Leen recommends that I deny Rosiere's application to proceed *in forma pauperis* and dismiss and close this case because "it is clear from the face of his Complaint that the jurisdictional deficiency cannot be cured by amendment."[4]

    Rosiere did not file an objection to the report and recommendation. Instead, he filed a

---

[1] *See* ECF No. 1-1.

[2] *Id.*

[3] ECF No. 11.

[4] *Id.* at 7.

motion for leave to amend.⁵ "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." Nevertheless, I liberally construe Rosiere's motion as this pro se petitioner's objection to Magistrate Judge Leen's report and recommendation, and after a *de novo* review of the Order and Report of Findings and Recommendation,⁶ I overrule it.

Rosiere's main argument is that he should benefit from the federal courts' recognition that leave to amend should be freely granted. Rosiere is right that district courts are required to freely grant leave to amend.⁷ But that general rule "does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal."⁸ "A pro se litigant" need not be given leave to amend if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."⁹

That is precisely the situation we have here. Rosiere labels this action as one for contract and transcript interpretation, and he states that he is "not asking the court to overturn any federal conviction." In substance, however, this is a successive § 2255 petition; Rosiere did not obtain approval from the Third Circuit to file it; and even if he had, only Rosiere's sentencing court has jurisdiction to hear that petition.¹⁰ No additional fact or case that Rosiere could possibly add to his pleading can cure this fatal problem: this court lacks jurisdiction to hear this case. Rosiere's objection that he should be permitted leave to amend is overruled.

Rosiere's remaining arguments merely express disappointment with the "perception"

---

⁵ ECF No. 15.

⁶ ECF No. 11.

⁷ *Id.*

⁸ *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

⁹ *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).

¹⁰ *See* ECF No. 11 at 5–7. Plus, his claims are entirely duplicative of the contentions he raised in two civil actions related to his criminal conviction that he filed in the District of New Jersey. Those claims, too, were dismissed.

about his cognitive abilities that he believes the magistrate judge's report and recommendation leaves.[11] He objects that the R&R "leaves the perception" that he "was not capable of presenting a legal argument before the court ever," that he lacks the "ability to read and understand," and that his filings in other cases "have not been for any valid reasoning."[12] Rosiere does not identify which statements, exactly, he feels create this "perception," and it does not appear to me that such a "perception" was left. Nevertheless, I note that my decision to adopt the report and recommendation *in toto* is based in no way on any such perception.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leen's Order and Report of Findings and Recommendation **[ECF No. 11] is ADOPTED in full; this case is DISMISSED for lack of jurisdiction.**

IT IS FURTHER ORDERED that plaintiff's application for leave to proceed in forma pauperis **[ECF No. 4] is DENIED** as moot, and plaintiff's Motion for Leave to Amend, which I liberally construe as an objection to the R&R **[ECF No. 15] is OVERRULED and DENIED**.

The Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE.

DATED: August 15, 2017

                                                    Jennifer A. Dorsey
                                                  United States District Judge

---

[11] ECF No. 15.

[12] *Id*.