UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Shaun Rosiere,

    Plaintiff

v.

United States of America,

    Defendant

2:17-cv-0144-JAD-PAL

**Order Denying Motion for Reconsideration and Denying Certificate of Appealability**

[ECF Nos. 22, 23]

Pro se plaintiff Shaun Rosiere brings this action to obtain a contract interpretation and transcript interpretation regarding a plea agreement executed in the District of New Jersey to resolve his federal criminal charges.[1] He claims that he is not asking the court to overturn his federal conviction, so he is not seeking habeas relief under 28 U.S.C. § 2255. I dismissed this case with prejudice after adopting the magistrate judge's finding that this action is really an unauthorized successive habeas petition, which—even if it were filed with permission—this court lacks jurisdiction to entertain because only Rosiere's sentencing court has that power.[2] Rosiere moves for reconsideration.[3]

## Discussion

Motions for reconsideration are not expressly authorized in the Federal Rules of Civil Procedure, but district courts may grant them under Rule 59(e).[4] Reconsideration is only warranted when: (1) the movant presents newly discovered evidence, (2) the district court committed clear error or the initial ruling was manifestly unjust, or (3) there is an intervening

---

[1] *See* ECF No. 1-1.

[2] ECF No. 11.

[3] ECF No. 22.

[4] *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

change in controlling law.⁵ Although reconsideration may also be warranted under other highly unusual circumstances, it is well recognized as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."⁶

Rosiere has not shown that reconsideration or amendment is justified here. He urges me to give him leave to transform his claim into a § 1983 action, and he reiterates his argument that the court should not dismiss a pro se litigant's complaint without instructions for curing deficiencies.⁷ But, as I explained to Rosiere when previously rejecting that argument,⁸ that rule only applies when the defect in a complaint *can* be cured by amendment.⁹ Rosiere's cannot. In substance, his action is an unauthorized successive § 2255 petition and, even if it had been authorized, only Rosiere's sentencing court has jurisdiction to hear it. No additional fact or case that Rosiere could possibly add to his pleading can give this court jurisdiction to hear this case. I liberally construe Rosiere's "Request FRE 201; take Judicial Notice of adjudicative facts"¹⁰ as a supplement to his request for reconsideration, and I find that it, too, fails to present any basis for reconsideration or FRCP 59 relief.

---

⁵ *Id.* (citing *All Haw. Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987)).

⁶ *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

⁷ *Id.* at 4.

⁸ ECF No. 16 at 2.

⁹ *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted) (noting that this general rule "does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal."); *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant" need not be given leave to amend if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

¹⁰ ECF No. 24. Were I to construe it as a request for judicial notice, I would deny it because it offers argument, not facts appropriate for judicial notice.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion for Reconsideration/Rule 59(e)/Alter or Amend a Judgment **[ECF No. 22] is DENIED.**

The Ninth Circuit Court of Appeals also remanded Rosiere's appeal to this court to determine whether a Certificate of Appealability should be granted.[11] Because I find that this was an unauthorized successive petition and that an appeal would be frivolous, **I DENY the certificate of appealability.** The Clerk of Court is directed to SEND a copy of this order to the Clerk of Court for the United States Court of Appeals for the Ninth Circuit.

DATED: October 4, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[11] ECF No.23 (Case No. 17-16684).